■ Servio Rivas, Appellant, v Leonara Parnes et al., Respondents. [625 NYS2d 498] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered July 14, 1994, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

This action is one for damages for injuries suffered by plaintiff when he was shot in the sixth floor hallway of his apartment building. Plaintiff claims that defendants, the owners of the building, negligently allowed the front door of the building to remain unlocked, that it was actually unlocked on the day of the assault and that his assailant must have gained entry thereby. Defendants contend that the door was repaired prior to the date in question and that, in any case, plaintiff has failed to show that his assailant was an intruder who gained entry by means of an unlocked front door.

Evidence that a building's doors were chronically unlocked and were actually unlocked at the time an intruder gained entry to the building can be enough to sustain a plaintiff's burden of showing that his or her assailant must have gained entry by means of those doors, thereby establishing that any negligence involved in leaving the doors unlocked was a proximate cause of his or her injuries *(Padilla v 960 Mgt.,* 195 AD2d 333).

In this case, defendants have presented evidence that,

shortly before the shooting, plaintiff was seen entering the front door in the company of another man with whom he was conversing, and getting on the elevator with that man. Moreover, even assuming the truth of plaintiff's self-serving statement in his deposition indicating that he entered the building alone and, when he reached the sixth floor, was accosted from behind and shot by an unknown gunman, it offered no evidence that his assailant was an intruder, and, in any case, was completely undermined by his statements immediately after the shooting indicating that he knew his assailant and, indeed, that he was able to name him. Under these circumstances, defendants are entitled to summary judgment dismissing the complaint. Concur—Ellerin, J. P., Rubin, Ross, Nardelli and Williams, JJ.